IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELSIE K.,**[1]

        Plaintiff,　　　　　　　　　　　　　　　**Civ. No. 6:20-cv-01276-MC**

v.　　　　　　　　　　　　　　　　　　　　**OPINION AND ORDER**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

        Defendant.

_____

**MCSHANE, Judge**:

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) improperly rejecting Plaintiff's subjective symptom testimony, and (2) improperly assessing the opinions of agency consultants Dr. Friedburg and Dr. South. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff applied for SSI on August 17, 2017, alleging disability since December 1, 2015. Tr. 67. Her claim was denied initially and upon reconsideration. Tr. 102, 109. Plaintiff appeared before the Honorable Mark Triplett on June 28, 2019. Tr. 27–66. ALJ Triplett denied Plaintiff's claim on July 16, 2019. Tr. 10–23. Plaintiff sought review from the Appeals Council and was denied, rendering the ALJ's decision final. Pl.'s Br. at 2, ECF No. 21. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff is 29 years old and was 24 on her alleged onset date. *See* Tr.22. Plaintiff has a high school diploma and past relevant work experience as a retail cashier and a nursery school attendant. Tr. 21. Plaintiff alleges disability from trauma/PTSD, depression, obstructive sleep apnea, obesity, anxiety, and dorsalgia. Tr. 15.

**STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing

court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

### I.  Subjective Symptom Testimony

Plaintiff contends the ALJ erred in discounting her subjective statements about her mental limitations. To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ performs a two stage analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 416.929. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090; 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Second, absent affirmative evidence that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Trevizo*, 871 F.3d

3 – OPINION AND ORDER

at 678; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).  The Ninth Circuit demands more than a summary of the medical evidence and generic, high-level reasons why a claimant's allegations conflict with that evidence.  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  The Ninth Circuit "requires the ALJ to specifically identify the testimony she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Id.*; *Brown-Hunter*, 806 F.3d at 494.

  Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms" about which the claimant complains.  *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti*, 533 F.3d at 1040); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013).

  In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).  However, especially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability.  *See Ghanim*, 763 F.3d at 1164; *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).  Moreover, a lack of objective evidence may not be the sole basis for

4 – OPINION AND ORDER

rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

At her hearing, Plaintiff testified that she worked part-time at the Boys and Girls Club but would call in at least once a week and tell them to find a replacement because her depression or panic attacks kept her from being able to work. Tr. 38, 41. She testified that she worked at Kmart for one-and-one-half years but often would leave early for no reason, or because the environment stressed her out, a customer was unkind, or it was just too busy and she got anxious. Tr. 40. Plaintiff also testified that she did not finish college due to her mental health conditions despite getting accommodations. Tr. 41-42. Plaintiff testified that her mental health conditions cause her to "freak out" in a job situation, even if she was just volunteering, because of the pressure and worry that she would let people down. Tr. 55.

On her function report, Plaintiff noted that on her worst days she is unable to clean, do laundry or wash dishes. Tr. 212. She reported that when she was depressed, it was "hard to find joy or to want to do anything." Tr. 213. Plaintiff noted that her mental illness affects her memory ("hard to retain things"), completing tasks ("too anxious to complete"), concentration ("anxious"), understanding ("get overwhelmed"), and following instructions ("too much pressure, anxiety attack"). Tr. 214. Finally, she reported that she has panic attacks in stressful situations or when confronted with changes in routine. Tr. 215.

The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 18. The ALJ discounted Plaintiff's subjective complaints because they conflicted with the objective medical evidence in her medical record. Tr. 19. Specifically, the ALJ observed that "[c]onsistently throughout 2016 and 2017, her mental status

5 – OPINION AND ORDER

examinations were normal aside from a few times where she presented with constricted affect, irritability, and distractibility." *Id.* The ALJ noted that Plaintiff described developing new social relationships and a strong social support network. *Id.* The ALJ noted that by 2018, Plaintiff was having "more success trusting herself, reported employed coping strategies, and continued to have normal mental status examinations." *Id.* Finally, the ALJ found that in 2018-2019, Plaintiff reported she was "doing really good" and her medical providers found that her anxiety, depression, and PTSD were all stable, controlled, and without problems, or side effects. *Id.* As for inconsistencies in other parts of the record, the ALJ noted that Plaintiff has never had any problems getting along with family, friends, neighbors, or others. *Id.* The ALJ remarked that Plaintiff plays video games, reads, writes, paints, shops in stores once a week, has the ability to handle money, and spends time with others daily. *Id.*

An independent review of the record establishes that Plaintiff's subjective complaints are not supported by the record. The earliest progress report in the record shows that Plaintiff received treatment for anxiety and depression in September 2016 (Tr. 552) that continued through October 2018. Tr. 778. During that time, Plaintiff attended therapy on a mostly weekly basis. As reported by the ALJ, Plaintiff's mental status examinations were more often normal (Tr. 414, 420, 425, 453, 463, 496, 524, 537, 641, 773, 779, 782, 787, 792, 797, 871, 874, 885, 896, 920, 925, 950, 963) than indicative of anxiety (Tr. 410, 443, 776, 880, 893, 905, 908, 911, 914, 938, 942, 946, 959) and depression (Tr. 877, 890, 893, 899, 917, 930, 934, 938, 946, 959). The medical records show that while Plaintiff had symptoms of depression and anxiety, the symptoms did not cross the threshold of major depression or generalized anxiety. Tr. 415. The record also shows that Plaintiff's symptoms were well controlled with medications. Tr 415, 523. In August 2017, Plaintiff reported that "things are pretty good" and reported the resolution of

6 – OPINION AND ORDER

depressive symptoms over the past month with her medication. Tr. 424. Similarly, in February 2017, she identified a reduction in her depression to 1/10 and anxiety to 2/10, although reported a continuation of her PTSD symptoms, though they too were reduced. Tr. 500. In December 2017, Plaintiff reported that her PTSD, depressive symptoms, and anxiety were controlled. Tr. 640.

On her function report, Plaintiff reported her mental illness affected her memory, concentration, understanding, and her ability to follow instructions and complete tasks. Tr. 214. However, the medical records show Plaintiff had intact memory and no impairment with attention or concentration, (Tr. 410, 414, 420, 425, 443, 453, 463,496, 524, 537, 641, 776, 779, 782, 787, 792, 797, 874, 877, 880, 885, 890, 893, 896, 902, 905, 908, 911, 914, 917, 920, 925, 934, 942, 946, 950, 955, 959, 963) except on three occasions where her memory was intact but had limited long term memory (Tr. 726, 874, 877) and six occasions where her attention was typical but distractable. Tr. 773, 871, 899, 920, 930, 938.

Because the ALJ provided "specific, clear and convincing reasons" for finding Plaintiff less-than credible regarding the extent of her limitations, the ALJ did not err in discounting Plaintiff's testimony regarding those limitations.[2] *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273,1282 (9th Cir. 1996)).

**II.    Medical Evidence**

Plaintiff argues that the ALJ failed to evaluate properly the medical opinions of agency consultants Drs. Friedburg and South. Specifically, Plaintiff contends the ALJ erred by not

---

[2] The ALJ also noted that although Plaintiff submitted a function report, "she did not allege any problems with her physical functioning. Rather, she reported working out, preparing meals, cleaning the home including changing the litter box for her cat, doing arts and crafts, performing all personal care activities without issue, and going shopping in stores." Tr. 18. The lack of any physical limitations in her function report contrasted sharply with Plaintiff's testimony at the hearing. There, Plaintiff testified that back pain prevents Plaintiff from sitting or standing for more than 30 minutes before needing time to lay down. Tr. 46, 54.

7 – OPINION AND ORDER

considering the consistency factor in determining the persuasiveness of the doctors' opinions. Pl.'s Br. at 5-7, ECF No. 21.

Because Plaintiff filed her application after March 27, 2017, revised regulations regarding the evaluation of medical source opinions apply to her claim. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416)). The revised rules provide that the Social Security Administration will evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). "Supportability" and "consistency" are the most important factors to be considered when evaluating the persuasiveness of medical opinions and, therefore, the ALJ is required to explain how both factors were considered. *See* 20 C.F.R. § 404.1520c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785,791-92 (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

The new regulations require the ALJ to articulate how persuasive the ALJ finds the medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 404.1520c(a), (b); 20 C.F.R § 416.920c(a),(b); *see Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). Additionally, "[t]he ALJ may but is not required to explain how other factors were considered, as appropriate, including

8 – OPINION AND ORDER

relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020).

The ALJ's discussion regarding Dr. Friedburg's and Dr. South's opinions consists of two paragraphs:

> As for the opinion evidence, the State agency's initial psychological consultant, Irmgard Friedburg, PhD., and Susan South, PsyD., found the claimant could perform simple tasks and follow simple instructions, and could have occasional contact with the public. Dr. South added that the claimant could adapt to simple routine changes in the workplace and could have no more than occasional, casual contact with others. They based their opinions on evidence of anxiety and depression somewhat controlled with medication, constricted affect, normal memory, normal concentration, and motor function with agitation.
>
> The undersigned finds the opinion of Dr. Friedburg and Dr. South persuasive. The limitation to simple tasks is supported by some sporadic findings of distractibility and preoccupations, indicating the claimant has an impaired ability to focus on more complex tasks. The limitation to occasional interaction with coworkers and the public is supported by her occasional irritability and her occasional avoidant eye contact. At the same time, there is no evidence to support a limitation to simple changes in the workplace, as she has repeatedly presented with appropriate and neat appearance, never had hygiene issues, had intact insight and judgment, and successfully employed new coping skills and techniques to manage her symptoms. Likewise, self-reports of her ability to get along with authority figures, in combination with the evidence of cooperative and pleasant attitude toward her providers, shows that the claimant's ability to work with supervisors is intact.

Tr. 19-20 (citations omitted.)

Plaintiff's argument that the ALJ erred by not explicitly using the word "consistent" in the above paragraphs is meritless. When viewed in the proper context, it is clear to this Court that the ALJ viewed the two opinions with respect to their consistency with the rest of the record. Earlier in the decision, the ALJ pointed to medical records indicating Plaintiff had an intact and

9 – OPINION AND ORDER

normal memory. Tr. 16. The ALJ also pointed to evidence in the record indicating that Plaintiff achieved more than marginal adjustment. Tr. 17. Additionally, in the paragraph directly preceding the ALJ's discussion of the opinions of Doctor Friedburg and Doctor South, the ALJ noted:

> Turning to the medical record, the claimant has been engaged in treatment for anxiety and depressive symptoms since 2016. Consistently throughout 2016 and 2017, her mental status examinations were normal aside from a few times where she presented with constricted affect, irritability, and distractibility. The claimant described developing new social relationships and developing a "strong social support network." By 2018, the claimant was having more success trusting herself, reported employing coping strategies, and continued to have normal mental status examinations. She reported "doing really good" and her providers found that her anxiety, depression, and PTSD were all stable, controlled, and without problems or side effects throughout 2018 and 2019.

Tr. 19 (citations omitted).

As noted above, "[c]onsistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)). The ALJ gave weight to the opinions by specifically pointing to evidence in the record consistent with the opinions. Additionally, the ALJ found additional restrictions were not justified because such restrictions lacked support in the medical record. The ALJ need not recite "magic words" in crediting or rejecting a medical opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Because the ALJ clearly viewed the opinions in light of their support from the record as a whole, the fact that the ALJ did not explicitly find the opinions were "consistent" with the medical records is meaningless.

In discussing the persuasiveness of the agency doctors' opinions, the ALJ articulated the ways

10 – OPINION AND ORDER

## **CONCLUSION**

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 5th day of December, 2022.

<u>/s/ Michael McShane</u>
Michael J. McShane
United States District Judge

11 – OPINION AND ORDER